*5:49 pm 5/14/05 opposition not filed as of this time.*

UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

[#103]

2005 MAY 17 ~~AT~~ 04-CR-09-B-W

CC: USAtty

USA
V.
MICHAEL FOWLER
A/K/A MICHAEL W. SMITH

DEFENDANTS
MOTION TO TRANSFER FOR TRIAL PER
F.R.CRIM.P. RULE 21(b) TO THE DISTRICT
OF MASSACHUSETTS FOR TRIAL CONVENIENCE

1. The defendant moves this Court per Rule 21(b), to transfer, this docket, to the District of Massachusetts for trial convenience of this docket (#04-CR-09-BW) and to (#04-cr-10308JLT), in the federal District of Massachusetts.; n.2

2. The defendant, is under prosecution in the District of Massachusetts (#04cr10308JLT) on a Eight Count Indictment. That case is a companion to this court docket.
They arise from the same facts, issues, witnesses, government agents and ultimately the same evidence is the basis of the two prosecutions.

---

n.2  Defendant, files this motion Pro Se, limited to this motion, to preserve due process, an effect Rule 21(b), of (#04-09-BW) to (#04-10308JLT) Dist. of Massachusetts.

page 1-8.

For Convenience of the Government, resources of the Court, and defense preparations for trial, it would best be served for all parties, that these two cases be consolidated for further proceedings.

3. The defendant has complied with Rule 21(d), as "at any other time", the defendant, on May 2d. 'Yo5, had made the Court aware on record, that the defendant was entertaining a possible Rule 21(b), and without objection from the Government or Court.

4. Further, this Indictment alledges that "possession" reaches into the District of Massachusetts, and may be prosecuted in either District. The U.S. Constitution Article III, §2, par.3. (The defendant has a constitutional right to a trial in the district where the offense was committed.), also such Bill of Rights that are applicable hereto.

page 2 - 8.

The defendant also cites cf. U.S. Code title 18 § 3237(a), ("any offense - begun in one district and completed in another, or committed in more than one district, may be inquired of and prosecuted in any district in which such offense was begun, continued, or completed.") and ("offense involving the transportation in interstate commerce or foreign commerce, or the importation of an object - into the U.S. is a continuing offense - - and prosecuted in any district from, through, or into which such commerce, - -, imported object, or persons moves"); Here the case involves title 18 USC 922(g)(1) ... (possession in) active commercial activity (or affecting commerce).

5. The defendant, also makes notice of the Sixth Amendt. U.S. Const., . In the intrest in fairness and reliability protected by the right to a trial, and due process, , and most expedient proceedings of the court may be impaired by two separate trials, therein, exposes the defendant to prejudices. - Common law

page 3 - 8.

5. Continued:

right that defendants enjoyed for centuries and that is now enshrined in the Sixth Amendment, U.S. Constitution and Bill of Rights applicable, has always outweighed the interests in concluding trials swiftly.

And, as Blackstone, put it: "However, convenient these new methods of trial may appear at first as doubtless all arbitrary powers, well executed, are the most convenient, yet let it be again remembered, that delays, and little inconveniences in the forms of justice, are the price that all free nations must pay for their liberty in more substantial matters; that these inroads upon this sacred bulwark of the nation are fundamentally opposite to the spirit of our Constitution; and that, though begun in trifles, the precedent may gradually increase and spread, to the utter disuse of juries, trials in questions of the most momentous concerns." See 4 Commentaries on the Laws of England 343-344 (1769).

---

page 4 - 8.

6. The defendant asserts that the Double Jeopardy Clause protects a defendant from even the "risk" of being punished twice for the same offense. See Abney v. US 431 US 651, 660-62 (1977), and the complexity of modern criminal law often results in many charges arising from the same act or series of acts, see Ashe v. Swenson 397 US 436, 446 at n. 10 (1970); U.S. v. Blockburger 284 US 299, 304 (1932).

The defendant, asserts, that he is prejudiced by a dual-prosecution(s) in two-seperate districts, as in, U.S. Code title 18 USC 3661, n.2; and the USSG § 1B1.3 (a)(2), dictates that, the Court is required of the Sentencing judge to consider "all acts, or ommissions... that were part of the same course of conduct or common scheme or plan as the offense of conviction". Therefore, Subjecting the defendant to double convictions and Sentencing, and possible consecutive Sentence terms thereof.

Which may require dismissal?

page 5 - 8.

7. The defendant files this Motion as counsel has not filed on the defendants behalf, as instructed. Therefore, to protect due process, as the trial date is fast approaching, set for May 24 '2005. n.1

8. The defendant, looks to <u>Haines v. Kerner</u> 404 US 519-20 (1972), that the defendants motion herein, (should be held to a less stringent standard than formal papers drafted by a lawyer), cf. n.2714, Georgetown Law Journal '2003', and see in <u>U.S. v. Mosquera</u> 845 F2d. 1122, 1124-25 (1st Cir 1988) (not-unduly conclusory), that the defendants requests, if this motion is inadequate, that it be treated as a functional equivalent.

See <u>Johnson v. Avery</u>, 393 US 483, 485 (1969) (Right of defendant's access to the Court may not be denied or obstructed), cf. n.2743, GLJ '2003.

---

n.1 - <u>Gideon v. Wainwright</u> 372 US 335, 83 SCt. 792 (1963) (It is clear that the right to the assistance of counsel and the right to effective counsel, are constitutional equivalent). n.1463, cf. GLJ (2003), and <u>Johnson v. Zerbst</u> 304 US 458, 463 (1938).

page 6 - <u>8</u>.

Therefore, as defense advocate (counsel) has failed to comply with direction of the defendant, then here the defendant acts to ensure due process, and wishes of the defendant.

9. The defendant, has, made Notice, to the District of Massachusetts (#04 CR 10308 JLT), that, the defendant has filed a Rule 21(b) Motion to Transfer to that Court.

10. The defendant, is Pro Se, on the Massachusetts (#04 CR 10308 JLT) Case.

THEREFORE, the defendant requests that this motion be allowed in whole, or in part, with a written ruling of fact and law thereto.

---

n.1 Continued: Wheat v. US, 486 US at 159 (1988), the essential aim of the 6th Amendt. U.S. Const. is to guarantee a effective advocate.); n. 2422, Cf. Georgetown Law Journal '2003 ed., citing US v. Biera 217 F.3d. 15, 23 (1st Cir 2000); also see in PLAIN ERROR DOCTRINE, n. 2441, GLJ (2003) (The defendant bears the burden of persuasion with respect to this prejudice, at n. 2446. GLJ, (2003), Olano 507 US at 734 (1993); F.R.Crim.P. 52.

The defendant has made filing this day 10th of May '2005, A.D., by Inmate Mail Box, at Cumberland County Jail, 50 County Way, Portland, Maine 04102.

Service is made on all applicable parties by the Court's (ECM) system, as defendant has not made direct service.

11. Defendant Reserves all Rights to Amend & Appeal this Motion & Argument.

X. MICHAEL FOWLER
Defendant, Hereto - Pro Se
MICHAEL FOWLER
A/K/A
MICHAEL W. SMITH
c/o 50 COUNTY WAY
PORTLAND, MAINE
04102

DATE: MAY 10th, '2005, AD.

All Rights Reserved
UCC 1-207 w/p