UNITED STATES DISTRICT COURT
DISTRICT FOR MASSACHUSSETTS

USA

v.

MICHAEL FOWLER
A/K/A SMITH

#04-10509 JLT

DEFENDANTS NOTICE/MOTION
GOVERNMENTS FAILURE TO PROVIDE FULL
COMPLETE DISCOVERY PER RULE 116.1-9
AND RULE 16 VIOLATION (b),(2)(A-D); 26.

The defendant herein makes NOTICE, that on MARCH 22' 2005, the COURT had made ORDER that the Government make discovery disclosure to the defendant that day, in-hand, or thereafter mailed directly to the defendant, wherever, the defendant is held by the Government,

On March 22 '2005, the Court made ORDER of the defendant to comply with LOCAL RULE 116.3 with his NOTICE OF FURTHER DISCOVERY.

To date, the defendant has yet too receive NO DISCOVERY FROM THE GOVERNMENT ON THIS MATTER.

On March 22 '2005, the Court made order for the Replacement discovery, of the original discovery package disclosed by the Government

page 1 - ZA

which Subsequently was lost, misplaced, disposed by Government agent(s) whom remain unknown to me. The defendant received this original package on about December 1st 2004, the same day defendant was hours later transfered to Massachusetts for a Set Court date. And, was not known intil after January 20 2005 that the initial discovery package was no longer availible to the defendant.

Between Jan. 20th and late February 2005, that the defendant realized that the initial package was not recoverable.

Subsequently leading to the Courts order that new discovery be made upon the defendant as soon as possible, indicating by the Government that AUSA Connolly needed a day or two, in order to Comply. (i.e. 03/22/2005)

Now forty-two (42) days is about to pass, and no further discovery has been made in violation of Rule 16 and Local Rule 116.1-9

The defendant seeks relief as the Government has failed to Comply with Rule 16 (d),(2)(A-D), and Seeks, requests that

page 2 – 7 A.

For Violation of Rule 16 (d), (2), disclosure of Mandatory Criminal discovery, here specifically on order of the Court on March 22nd '2005, that Rule 16 (d)(2)(c), to " Prohibit that party from introducing the undisclosed evidence".

The defendant claims that he is prejudiced by the delay and or non-disclosure of evidence, therefore, preventing requests for additional discovery from the Government. The defendant was indicted on September 29 '2004, at 2pm, and Arraigned on _____ '2004. And, Discovery meaningfully not disclosed til about December 1st '2004. The defendant was not allowed to bring discovery, as it consisted of about five-hundred (500+) pages. The package was held at Cumberland County Jail, of Portland, Maine .. The defendant was further to believe that it would be returned, which it was not returned to the defendant, leading to the Court ordering the subsequent disclosure package by the Government.

page 3 - 7A

As therefore, the defendant is prejudiced as he cannot be compliant with Rule 16 or Local Rule 116.1-9.

The failure to disclose appears to be deliberate and prejudicial to the defendant(3), thus inculpatory evidence should be suppressed to all applicable Leaks and Brady informations in violation of the Court order, directive, and defendants Sixth Amendment rights in the U.S. Constitution and Bill of Rights, and rights afforded in the Declaration of Rights in the Massachusetts Constitution; Rule 16 (a)(1)(A)(3). (due diligence of the prosecutor)① ; And Rule 26.

To the extent to which the defendant is prejudiced by the failure to disclose.②

The defendant preserves, and expressly reserves all rights. For subsequent appeal —

---

n.① — Fed. R. Crim. P. 16(d)(2) [& Rule 26]; U.S. v. Cardalaria-Silva 162 F3d. 698, 703 (1st. Cir. 1998), Same in 2nd, 3, 5, 8, 9-11, D.C. circuits.

n.② Fed. R. Crim. P. 16 Advisory Notes; See U.S. v. Lanoue 71 F3d. 966, 977-79 (1st. Cir. 1995) Cf. n.1109, Georgetown Law Journal 2003 edition. ("prejudicial govt. nondisclosure - deprived defendant -

---

page 4 - I #.

purposes, than, the defendant herein,
moves, for a continuance in favor of the
government in curing the prejudices by granting
a continuance. See U.S. v. Vega-Figueroa 234 F.3d. 744,
751 (1st. Cir 2000); U.S. v. Giraldo 822 F.2d. 205, 212
(2d. Cir 1987) ("right to appeal issue effectively waived
when deft. made no motion for continuance, but merely
insisted that the evidence be excluded."), cf. n.1110,
Georgetown Law Journal '2003 edtn.; Therefore, the
defendant preserves this right.

The defendant claims a violation of
the STA (Speedy Trial Act of 1974), 18 USC §§
3161-3174 (2000); and see Fed. R. Crim P. 48(b),
n. 1165, cf. Georgetown Law Journal '2003 ed.; Klopfer v.
North Carolina 386 US 213, 222-23 (1967), re. (6th Amendt. U.S.
Const.); Post Indictment delay, Rule 48(b) violations.

---

n. ② Cont'd:  — of opportunity to investigate circumstances of —
, (evidence), and to design intelligent litigation
Strategy.")
n. ③    the defendant is prejudiced, the govt. has
intentionally delays the proceedings to gain —
a tactical advantage or to harass the defendant.

---

The defendant claims its bad enough that this entitled matter has already suffered preindictment delay prejudices, see US v. Marion 404 US 307, 322 (1971), at 325-26, to gain a tactical advantage and or to harass the defendant with multiple prosecutions of the same conduct, same plan, common scheme ..... the intentional delay in preindictment to gain a tactical gainful advantage, to harass the defendant, with the unreasonable delay between January 22' 2004, and the return of indictment on September 29th '2004, though, a discloser of incidents of up to January 22' 2004 was disclosed in the 1st indictment (Me. Dist. Dkt# 04-09-B-W.). See Marion at 324.; and US. v. McDonald 456 US 1, 6-7 (1982); See US v. Trueber 238 F3d. 79, 87 (1st Cir 2001), the STA, attaches at arrest, or indictment.

This above, and herein claim, argument is consistent with previously filed motions, and is to be read together, for its intatext, ect..

_____

n ③ Cont'd: - See US v. Lovasco 431 US 783, 789-90 (1977) (noting that gov't. delay intended to harass or gain tactical advantage would violate due process -"), Cf. n. 1171, Georgetown Law Journal '2003 ed.
_____

page 6 / 7A.

The defendant, has mailed hereto, prepaid, regular mail via Inmate Mail System, at the Cumberland County Jail on this May 9th' 2005. (i.e.. 05/9/2005)

The court Should treat this motion herein, as more liberally than those filed by counsel., Becker v. Montgomery 532 US 757 (2001); Held to less Stringent Standards than formal papers drafted by Lawyers., Haines v. Kerner 404 US 519, 520 (1972); Johnson v. Avery 393 US 483, 485 (1969), access to courts may not be denied or obstructed.

The defendant, asserts, and brings attention to the court, that at the two jail locations in Maine, both, have inadequate access to law library services, or no meaningful access, to no access at all, See Bounds v. Smith 430 US 817, 824, 828 (1977); Johnson v. Avery (1969);

Respectfully Submitted

Date: May 9th 2005,
(05/09/2005)

MICHAEL FOWLER
Defendant, Pro per

page 7 / I.A.

The defendant makes notice, that on May 9th '2005, he had mailed this motion to the Court, via the jail's inmate mail system, postage was to be deducted from the defendants account, to send it prepaid.

On May 12th, had learned, that, it had not been mailed by the jail, was to be returned by staff, telling deft. to purchase stamps, the following week in canteen., On May 12th, the defendant was transferred to Bangor, Maine, from Cumberland County Jail in Portland, Maine, the mail was not returned to deft. intl deft. had returned to Portland, Maine on June 1st '2005.

On this June 1st '2005, I have mailed prepaid, postage pre-offered, by Inmate Mail System. Therefor, this motion should not be untimely, in any manner under the "Mailbox Rule", exception.

Respectfully

Date: June 1st 2005
(06/01/2005)

X. Michael Fuller

MICHAEL FULLER
Defendant, pro per.

Mail To:
    50 County Way
    Portland, Maine
        04102

_____

page 7A / 7A.