UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

USA
v.
MICHAEL FOWLER

DOCKET NUMBER
04-10308 JLT.

DEFENDANT'S MOTION
TO INSPECT, COPY DOCUMENTS
AND OBJECTS, PER RULE 16(a)(1)(E)

1.0  The Defendant, herein, moves, the government, to, must, furnish, permit the defendant to inspect and copy or photograph books, papers, documents, data, photographs, tangible objects, buildings or places, and copies of any of these item(s), if the item is within the government's possession, custody, or its control.

1.1  As:

(a) the item is material to preparing the defense;
(b) the government intends to use the item in its case in chief at trial, or
(c) the item was obtained from the defendant or belongs to the defendant.

page 1/4.

2.0   The defendant, asserts, that the government has not complied to date with Federal R. Crim. P. 16, or Local Court Rule 116, eventhough, on March 22d, '2005, the Magistrate Judge Collings had made ORDER, upon the government directing to make meaningful discovery disclosure upon the defendant, "right away", "make available today", and after urging by defendant, that he was to moved back to Maine (Cumberland County), that, the discovery should be sent to him there, to ensure it is not misplaced, lost, or discarded while in transport, ect...

2.1   The defendant had understood before the court, that the (AUSA, Connelly), was to have it delivered, right away, and awaiting defendant's arrival in Maine.

2.2   As of this motion, a, sum of ninety-two (92) days has passed since such ORDER to disclose.

2.3   The defendant, asserts, that per. Court Local Rule 116.3 (A), the defendant cannot meaningful comply, as, the govt. has not fulfilled it's obligation in Rule 116.1, and Fed. R. Crim. P. 16, et seq. applicable.,,—

---

page 2/4.

cont'd. from page 2.

2.3 — as, the gov't. has violated Rule 16(d)(2) and Local Rule 116.1 et seq., as the defendant in Local Rule 116.3(A) cannot be entered, thus, Fed.Crim.R.P. 12(e) (waiver of defense, objections, or requests), is no binding upon the defendant.

3.0 The defendant, asserts, that Haines v. Kerner 404 US 519, 520 (1972) be applied, cf. n. 2714, Georgetown Law Journal, 2003 ed., that the defendant be held to a less stringent standard than formal papers drafted by a lawyer.; US v. Mosquera 845 F.2d. 1122, 1124-25 (1st Cir 1988) (undully conclussory).

4.0 The defendant, asserts, that this requests for discovery is needed in defense, and may be needed at trial.

5.0 The defendant, has mailed prepaid postage affixed, by Inmate Mail System this day to the Court for filing, and that he has not made Service upon other parties, as he has no means to make copies, has limited Stationary supplies, and no access to any Law Library services at current Unit assignment, thus, the Court has —

Continued from page 3.

5.0 — The means to effect service on other parties.

5.1 The defendant moves, that this Motion be allowed, and so ORDERED.

5.2 The defendant reserves all Rights, not Expressly waived.

Submitted by
Defendant - prisoner

X. MICHAEL FOWLER
Defendant, Pro Se.

Signing &
Date of Mailing:

June 22 '2005.

Reply Mail To:

MICHAEL FOWLER
FED # 18644-038
c/o PO BOX 807, # MSA 0018192
Middleton, Mass

All Rights Reserved.
U.C.C. § 1-207 with prejudice

page 4/4.