UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 04-10308-JLT |
| | ) | |
| MICHAEL FOWLER | ) | |
| | ) | |

GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION FOR NOTICE OF
GOVERNMENT'S INTENT TO USE EVIDENCE

The United States of America, by United States Attorney Michael J. Sullivan and Assistant United States Attorney William H. Connolly, hereby responds to defendant Michael Fowler's request for notice of its intent to use specific evidence.

As a preliminary matter, the government asserts that defendant's motion is in essence a discovery letter disguised as a request for 12(b)(4) notice. Rule 12(b)(4) permits a defendant to request notice of the government's intent to use evidence that the defendant may be entitled to under Rule 16. To the extent that the defendant requests discovery that is not covered by Rule 16 of the Federal Rules of Criminal Procedure, the government asserts that defendant has failed to comply with the dictates of Local Rule 116.3 pertaining to discovery motion practice. Additionally, the government notes that included in the extensive discovery provided to the defendant are, among other items, reports and documents pertaining to multiple identifications of the defendant made by witnesses from whom he purchased firearms,

-1-

statements of the defendant, and searches of his property, as well as a videotape of the search of his residence.  The information provided to date has already put the defendant on notice as to items potentially subject to suppression.

As to Rule 16 discovery, the government advises defendant that the government intends to use all of the documents and objects obtained from or that belong to the defendant that are described in the discovery materials provided to defendant.  In addition, the government advises the defendant that the government intends to use all of the statements made by him and that are referenced in the discovery materials.

The government also declines to advise defendant of "any and all grounds" for suppression.  The government recognizes defendant's status as pro se, but it is defendant's responsibility, not the government's, to identify grounds for suppression.  The government notes that it recognizes its continuing duty to disclose information that casts doubt on the admissibility of evidence that the government anticipates offering in its case-in-chief, that might be subject to a motion to suppress.

Respectfully submitted,

/s/ WILLIAM H. CONNOLLY
Assistant U.S. Attorney

```
DATE:     February 8, 2006
```