UNITED STATES DISTRICT COURT

USA
v.
MICHAEL FOWLER

INDICTMENT
No. # 04-10308-JLT.

DEFENDANTS
MOTION TO STRIKE SURPLUSAGE FROM
THE INDICTMENT, RULE 7(d).

The Defendant, MICHAEL FOWLER, HEREIN, Moves, Pro Se, Before the Court, pursuant to F.R.Crim.P. Rule 7(d), to Strike Surplusage from the indictment, See US v. Miller 105 SCt. 1811, 1819, 471 US 130, 144, 85 L.Ed.2d. 99 (1985) (drop from the indictment those allegations that are unnecessary to an offense that is contained therein, within it..); Salinger v US 47 SCt. 173, 175, 272 US 542, 548-549, 71 L.Ed. 398 (1926); and Ford v. US, 47 SCt. 531, 534, 273 US 593 (1927).

The defendant alleges the purpose of this provision is to protect the defendant against prejudicial allegations of irrelevant or immaterial facts.

The defendant alleges the proper course is to strike the surplusage rather than dismiss the indictment. See US v. Fahey 769 F.2d. 829 CA.1Cir (1985)

page 1-5

The defendant, moves, the Court, to strike as surplusage certain language contained in the indictment and in support of said motion shows to the Court the following:

1. The defendant contends that the following phrase, information, statements and or allegation found in ## 1-29 paragraph Lines, of page 12, is surplusage.

2. That page ## 2-3, specifically Count One, lists twenty-four firearms, begining with 'a Glock Model 21, 45 Caliber Semi-automatic pistol, bearing Serial number A135441US', and listing an additional twenty-three (23) other different firearms, in Count(s) ## 2, 3, 4., of page(s) ## 1-2, and in Count # 2, page ## 2-5, specifically describing 'ammunition's', consisting of twenty-one (21) Line(s), for the later, is surplusage.

2(A). The defendant contends that the above described herein, Count's and page's, of the indictment must be Stricken as surplusage.

page 2-5.

3. Rule 7(d), F.R.Crim.P. provides in pertinent part that "the court on motion of the defendant may strike surplusage from the indictment."

4. The defendant contends that paragraph line # ~~7-24~~ of page 12 is prejudicial surplusage and must be stricken, since these allegation(s) are irrelevant to any element which the government must prove in the above captioned indictment.

5. The defendant contends that in paragraph line # ~~7-24~~ of page 12 must be struck from the indictment since the allegation(s) are surplusage and prejudicial to the defendant inasmuch as these allegation(s) would allow the jury to draw the inference that the defendant is accused of crimes not charged in the indictment. See US v. Whitehorn 710 F.Supp. 803, 819 (D.D.C. 1989) (inclusion of language indicative of additional uncharged misconduct prejudicial to the defendant regardless of location of allegation in the indictment...); US v. Hughes 766 F2d. 875, (CA5, 1985) reh. den. en banc. 772 F2d. 904 CA.5, Tex.) (defendant may compel deletion of irrelevant or immaterial facts in the indictment which might prejudice jury.)

6. The defendant reserves all rights to Supplement this Motion at a later date though, prior a hearing before the Court.

7. The defendant further contends, that paragraphs ## Line 1-29 of page 12 of the indictment, must be stricken, on the grounds that they are Surplusage, constitutes immaterial, irrelevant and inflammatory allegation(s), are highly prejudicial to the defendant, and do not constitute elements of the offense's purported to be charged in Counts One thru Eight of the Indictment.

Because of the scope and importance of this Motion, the defendant request's that 'Notice' of the date of the 'hearing' of such oral arguments be given within a reasonable time prior thereto, and to make any needed Supplements, objections to the governments opposition of this Motion herein.

WHEREFORE, the defendant respectfully request's that the Court grant an ORDER Striking the above-mentioned, herein, allegations as surplusage from the Indictment.

Respectfully Submitted

Date: January 28, 2006.

/s/ Michael (W) Smith-Foster

page 4-4

CERTIFICATE OF SERVICE

I, the defendant, have, made Service upon the Dept. of Justice, AUSA, Connolly at One Courthouse Way, Boston, Mass 02110 By prepaid, postage affixed U.S. Mail, and Mailed from the ECCF Inmate Mail System on this 28 day of the Month of January of the year 2006.

Original has been Mailed to the Court Clerk's Office.

/s/ Michael Fowler w/ Smith
Michael Fowler
Defendant, Pro Se

Date: 01/28/2006.
Return Mail
Late FILING

Michael Fowler
ECCF, 240D-814
PO Box 807
Middleton, Mass
01949-2807

On 2/16/2006, I have received this mailing Returned insufficient postage. This day I have affixed proper postage, and Re-Mailed via the Inmate Mail System at ECCF.  postage $1.17
/s/ Michael Fowler  (pages, 19)

page 5-5.