UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

2006 MAR 16 P 12:01

U.S. DISTRICT COURT
DISTRICT OF MASS.

USA

V

MICHAEL FOWLER

INDICTMENT No.
# 04-10308-JLT

DEFENDANTS

MOTION TO SUPPRESS STATEMENTS

The Defendant, herein, moves pro se, to Suppress all Statements in Violation of MIRANDA V. ARIZONA FN1, all in violation of the defendants Fourth, Fifth and Sixth, Nineth Amendments to the United States Constitution and Bill of Rights.

The defendant specifically moves to Suppress Statements made on January 23, 2004, the day after the defendants initial arrest, though, before the defendants initial appearance per FRCrP Rule 5 and Rule 40. (See ROI # 20, Maine Bates) (Also See Mass. Bates # 249.) #170 (MF)

Any and All Statement(s) were obtained as a result of an un-Mirandized custodial interrogation and no MIRANDA warnings were administered to the defendant on January 23, 2004, prior to ATF agents (Oppenhiem) Re-interrogation of the defendant, while defendant was handcuffed and Sitting in rear of federal agents car —

Page 1-6.

- enroute to the US District Court in Boston, Massachusetts from Wilmington Police Department, were the defendant was held since January 22, 2004.

The defendant argues the following:
(1) Statement(s) obtained violated 18 USCA § 3501 et seq.; FRCrim. P. Rule 5 et seq.; and
(2) Statement(s) were obtained outside the so called "Safe Harbor" Six hour period, from the defendants arrest on (01/22/2004), the defendant was arrested at about (7:45pm) and statement(s) were obtained on (01/23/2004) approximately about (07:30Am), the following day after his arrest by federal agent (officer) FN1

The defendant, argues that 18 § 3501(c) codified a limited form of the McNabb-Mallory FN2, rule, one that requires the suppression of a confession made before presentment but after the expiration of the "Safe Harbor" period, Though, the defendant, does not totally rely upon § 3501(c), nor upon cases of U.S. v. Christopher 956 F2d 536, 538-39 (CA6, 1991)/ §3501 "Standing Alone" is not sufficient to justify suppression --) Cert. denied 505 U.S. ___, 112 S.Ct. 2999, 120 L.Ed. 2d. 875 (1992); nor in U.S. v. Beltran 761 F2d. 1, 8 (CA1, 1985) (Same)

(3) The defendant argues that he was
arrested (FACT) on (01/22/2004) on a
District of Maine Federal Criminal Complaint
Arrest Warrant, (Complaint No. # 04-09-W), thus,
triggering 18 USC 3501(c); and

(4) Statement(s) made are generally inadmissable
unless a suspect has first been given his Miranda
warnings, as here, any warnings on (01/22/04)
are attenuated by the 'words' and 'actions'
of the ATF Agent (Oppenheim) 'were reasonably
likely to elicit an incriminating response', on
(01/23/2004).. i.e.. Post-Miranda re-interrogation
without benifit of new warnings being made.
See [FN8], and any delay from January
22nd and the 23rd would make any
warnings, it any, on (01/22/2004) to be
'Stale', and would require new Miranda
warnings be given before any re-interrogation
at all on (01/23/2004).

(5) The defendant, argues, that the government
bears the burden of proving by a preponderance
of the evidence Standard, that the defendant
on (01/23/04) had, knowingly and voluntarily
waived his Miranda and Constitutional rights.
See Colorado v. Connelly 479 US 157, 168 (1986);
Moran v. Burbine 475 US 412, 421 (1986)

(6) The defendant, has provided no waiver
of Miranda rights, at any time, either
on (01/22/2004) or on (01/23/2004),
therefore, all must be Suppressed; and

(7) The defendant reserves the right to
Amend or Supplement, this motion, prior
to its hearing, or trial, but not limite
thereto.

(8) The defendant, had explicitly requested
Counsel, and that he did not want
to talk with the agents, the agents
kept badgering the defendant to talk,
even after expressing desire for Counsel.

[FN 1] Miranda v. Arizona 384 US 436, 455, 86 SCt. 1602 (1966), FRCrim. P. Rule 12 ; Edwards v. Arizona & Roberts

[FN 2] McNabb v. US 318 US 332, 63 SCt. 608 (1943) and Mallory v. US 354 US 449, 77 SCt. 1356 (1957), and June 1968 Congress enacted Tittle II of the Omnibus Crine Control and Safe Streets Act, See Specifically Section of Tittle II, Subdivision (c) of 18 USC § 3501 et seg.

[FN3] US v. Gorrell 2004 WL 3168237 (DDC, 2004) (police questioning - was reasonably likely to have produced a further incriminating response, and therefore should have been preceded by necessary Miranda warnings)

page 5 - 6

WHEREFORE, the defendant, prays, the Court grants this motion to Suppress any, all, Statements, evidence derived therefrom, directly, or indirectly, of Statements alleged on (01/22/04) and/or (01/23/2004).

Date: Jan 28th 2006.

Respectfully Submitted
B/. Michael Fowler
MICHAEL FOWLER

CERTIFICATE

I have mailed copy hereof, to the (AUSA) prepaid, postage affixed by the Inmate Mail System at ECCF, on January 28th, 2006.

/S/. MICHAEL FOWLER

Date: Mailed Jan 28, 2006.

page 6 - 6.