UNITED STATES DISTRICT COURT

USA
v.
MICHAEL FOWLER

FILED
IN CLERKS OFFICE
2006 MAR 16 P 12:01
U.S. DISTRICT COURT
DISTRICT OF MASS.

No.
05-10308-JLT.

DEFENDANTS
MOTION TO DISMISS INDICTMENT
ALL COUNTS, ONE - EIGHT

The Defendant, moves, Pro Se, pursuant to Fed. R. Crim. P. 12(b)(3)(A), (B), and 7(d), to dismiss the (eight count) indictment, as it is the equivalent to a Superseding Indictment, to the (D. Mass. #05-10145-NG) formerly (D. Maine #04-09-BW), for the following reasons:

1. The government apparently issued the (D. Mass. #05-10308-JLT.) Indictment Subsequently to (D. Maine #04-9-BW), now (D. Mass. #05-10145-NG.), in response to the Supreme Court's decision in Blakely v. Washington 124 SCt. 2531, 159 LEd. 2d. 403 (U.S. 2004). The Blakely Court struck down a criminal sentence under the Washington State Sentencing guidelines, a system similar to the Federal Sentencing Guidelines, as a violation of Blakely's Sixth Amendment right to a jury trial.

page 1 - 6:

Blakely extended the Supreme Court's decision in Apprendi v. New Jersey, 530 US 466, 120 S.Ct. 2348, 147 L.Ed.2d. 435 (2000), and held that the maximum statutory sentence for Apprendi purposes is the most severe sentence a judge could impose based only on facts found by a jury or admitted by a defendant. Blakely __ US __, 124 S.Ct. 2531, at 5, 159 L.Ed.2d. 403 (2004).

In other words, any fact that increases the maximum guidelines sentence above that which would apply to the conduct proven at trial or admitted in a plea must, consistent with the Sixth Amendment, "be submitted to a Jury, and be proved beyond a reasonable doubt." Blakely 124 S.Ct. 2531, at 4, 159 L.Ed.2d. 403 (2004) (quoting Apprendi, 530 US at 490).

The Second Indictment (D.Mass. 05-10308-JLT) in addition to the original (D.Maine 04-09-Bw) now, (D.Mass. 05-10145-NG), is the government's attempt, apparent to apply Guideline's enhancement's lost in (D.Maine 04-09-Bw), now (D.Mass. 05-10145-NG), to the defendant Mr. Michael Fowler, in compliance with Blakely, and U.S. v. Cotton 535 US 625, 122

page 2 - 6.

— S.Ct. 1781, 152 L.Ed.2d. 860 (2002).

2. The government cannot so easily comply with <u>Blakely</u>. Now to be <u>Booker/Fanfan</u> 125 SCt. 738 (2005); for a host of constitutional and other reasons;

   (a) Notice of Special findings, are not crimes but guidelines of the U.S. Sentencing Commission, an independent agency located within the Judicial Branch. Consistent with his Fifth Amdt. Substantive due process rights, Mr. Fowler, cannot be charged in (D.Mass. 05-10145-NG) indictment, tried, convicted, and punished for conduct that Congress has never determined to be a crime.;

   (b) Prosecution for conduct which is not proscribed by any criminal statute violates his Fifth Amdt. procedural due process right to notice of what conduct constitutes a crime;

   (c) Indictment for alleged conduct that is not independently criminal violates his Sixth Amdt. right to be informed of the "nature and cause of the accusation's", against him.;

page 3 ~ 6.

(d) The Fifth Amdt. Grand Jury Clause only permits indictment for 'infamous crimes', and not Sentencing enhancements to (D.Mass. 05-10145-NG) promulgated by the Sentencing Commission are not 'crimes'; and

(e) The Sentencing enhancements promulgated by the Sentencing Commission (USSC) are not 'offenses' under Fed.R.Crim.P. 7 and 12; and

(f) Under the U.S. Const. art. III § 2 cl. 1, and under Title 18 USC § 3121, this Court has no subject matter jurisdiction over charges that do not constitute federal offenses.; and

(g) The Special findings in (D.Mass. 05-10308-JLT.) constitute surplusage in violation of Fed.R.Crim.P. 7(d).

Now *Blakely* not only called into question of the (U.S.S.G), but also raised the question's about what additional factors may have to be in the indictment. Clearly, after *Apprendi*, facts —

page 4 - 6:

- that increase the maximum permissible punishment under the USSG's must be included in the indictment and found by a jury; but now (around six months after indictment of (D. Maine 04-09-BW), a two count return in Febraury '2004, and about the return of (D. Mass. 05-10308-JLT), of an eight count indictment;) the question is whether factors that increase the possible punishment a judge may impose, but not beyond the statutory maximum, must be plead and proved to a jury.

Thus apparently prompting the government of the issue presented in (D. Mass. 05-10145NG) is resolved, prosecutors are having grand juries returning indictments charging the existence of factors which may affect sentencing. Such as allegations would be either; 'gilding the indictment', or 'Surplusage' in light of US v. Booker 125 S.Ct. 738 (2005), and can be stricken; Ex Parte Bain 121 U.S. 1, 7 S.Ct. 781 (1887).

   3. The defendant, reserves all rights to Amend or Supplement this motion, prior to it's hearing, herein, but not limited hereof.

page 5 - 6.

WHEREFOR, the defendant, prays that the Court grants this motion To Dismiss, the eight indictment as being unlawful, unconstitutional as argued, or as placing the defendant in 'jeopardy', and or 'double jeopardy'.

4. The defendant reserves all unalienable Rights under the U.S. Constitution, and the Bill of Rights, the defendant, envokes all such rights thereof the Bill of Rights, and the US Constitution, as so drafted by the founding fathers of the Constitution, as their 'intent', in The Federalist Papers, but limited thereto.

Date: Mailed on Jan. 28, 2006

Respectfully Submitted
/s/ MICHAEL FOWLER
Defendant, Pro Se.
MICHAEL FOWLER

CERTIFICATE OF SERVICE

I have on this Jan. 28th, 2006, made service upon the (AUSA) Connolly, By prepaid affixed postage by US Reg. Mail, and mailed at ECCF, via the Inmate Mail System.

Mailed Jan. 28th, 2006.

page 6 - 6.

/s/ MICHAEL FOWLER
MICHAEL FOWLER