UNITED STATES DISTRICT COURT

USA
v.
MICHAEL FOWLER

FILED
IN CLERKS OFFICE   No. 05-10308-JLT.

2006 MAR 16 P 12:01

U.S. DISTRICT COURT
DISTRICT OF MASS.

DEFENDANT'S
MOTION TO DISMISS
COUNTS TWO, THREE AND FOUR
AS BEING BEYOND THE
CONGRESSIONAL INTENT

The Defendant, Moves, Pro Se, to Dismiss, Counts TWO, THREE AND FOUR OF THE Indictment as being beyond the Congressional intent, as applying the following:

1. "Congress in these firearm statutes Created Seperate offenses, but did not authorize pyramiding Scheme penalties", cf. Ball v. US, 105 SCt. 1668, at 1670, 470 US 856, at 856 (US. Va. 1985), at 1670 Cited US v. Burton, 629 F2d. 975 (CA.4, 1980) Cert. den. 450 US 968, 101 SCt. 1487 (1981), at 977.

Also, See US v. Woodward 469 US 105, 109, 105 SCt. 611-613 (1985) cf. ("Congress intended defendant's position to be convicted and punished for only (one) of the offenses --- if the possession of the firearm is incidental to receiving it"), here, as applying multiple subsection(s) of Title 18 USCS § 921 et seq.

page 1-9

The defendant underscores the point that, Count One, charges the defendant with Dealing In Firearms without a Federal License in 18 USCS § 922(a)(1)(A), and Count(s) Two, Three and Four, are incidental, to Count One.

The defendant argues that he cannot be simultaneously for multiple violations of §§ 922. See, "<u>all guides to legislative intent</u>". The assumption underlying the '<u>Blockburger</u>' rule is that Congress ordinarily does not intend to punish the same offense under two different statutes. Here, as applied to multiple provisions of Title 18 USCS § 922, in Counts Two, Three and Four.

2. Congress could not have intended to allow multiple convictions for the same conduct, even if sentenced under only one statute provision.

3. Defendant, notes, that Congress does not create criminal offenses having no sentencing component. See <u>US v. Hudson-Goodwin</u>, 7 Cranch 32, 34, 3 L.Ed. 259 (1812); <u>Tennessee v. Davis</u>, 10 Otto 257, 275, 100 US 257, 275, 25 L.Ed. 648 (1880) see (Cf. Clifford, J. dissenting-), Fed. Rule <u>Crim. Proc. Rule 32(b)(1)</u>, ("which provides that the Sentence is a necessary components of a "judgment of conviction".)

page 2-9.

The defendant argues that the intent of Congress is controlling, and since Congress can readily make its will clear if it desires to create a distinct offense's. And, in case of doubt the Court should follow a policy of 'Lenity' and assume that only one crime is involved. See <u>Simpson v. US</u>, 98 SCt. 909, 914, 435 US 6, 14-15 (1978) (Cited "<u>Ladner v. US</u>, 79 SCt. 209, 214, 358 US 169 (1958)' In that circumstance the Court applies a policy of lenity and adopts the 'less' harsh meaning'").

Applying this rule to firearm Statutes, it is clear that Congress did not intend to subject felon's to two convictions. Here, the defendant faces conviction to THREE 'other' provision's for the ('felon possession', §922(g)(1)) and (possession a firearm with Obliterated Serial number, §922(k)) and (§922(a)(3), transporting, ect..)

When 'possessed' necessarily includes proof of illegal 'transport', could defendant <u>not</u> 'possess' while 'transporting', into some 'State' that he even is not domiciled?

The same apply's to the 'possession' with obliterated Serial number?

The defendant references <u>US v. Martin</u>, 732 F2d. 591, 592 (CA.7, 1984), for similar support but not limited there to, rather as to the —

— the subject matter at issue.

In other words, Congress seems clearly to have recognized that a felon who receives a firearm must also possess it, and thus had no intention of subjecting that person to two convictions for the same criminal act.

4. The legislative history of §922 and §1202 supports this reading of Congressional intent. Titles IV and VII, enacted together as components of the Omnibus Act disclose that "Congress's worry about the easy availibility of firearms, especially to those persons who pose a 'threat' to community peace" Lewis v. US, 445 US 55, 66, 100 SCt. 915, 921 (1980). Accordingly, 'each [Title] seeks to keep firearms from any person ... who has been convicted of a felony' ... at 64, 100 SCt. at 920.. But, also have demonstrated that they are dangerous and thus potentially the type of person who is potentially irresponsible. Sen.Rep.No. 1097, 90th. Cong., 2d.Sess. 28 (1968)[FN1]; and

In short, Congress had no intention of creating duplicative punishment(s) for one limited class of persons falling within the overlap of different provisions of the two Titles.

page 4-9.

The independent but overlapping statutes simply are not "directed to separate evils" under the circumstances. <u>Albernaz v. US</u> 450 US 333, 337, 101 SCt. 1137, 1141 (1981), 450 US at 343, 101 SCt. at 1144; also see <u>Missouri v. Hunter</u> 459 US 359, 368, 103 SCt. 673, 679 (1983) (Conviction, Sentence is unauthorized).

---

FN1: Four months after enacting the (Omnibus Act), the Same Congress amended and reenacted Titles IV and VII as part of the Gun Control Act of 1968. 82 Stat. 1213. Congress renewed its efforts to prohibit felons from having weapons. See, e.g. S. Rep. No. 1501, 90th Cong., 2d. Sess., 22 (1968); 114 Cong. Rec. 21748 (1968) (Remarks of Rep. Cellar). As the Court observed in <u>Barrett v. US</u>, 423 US at 220, 96 SCt. at 502 (1976), the Gun Control Act, "reflects a similar concern with keeping firearms out of the hands of categories of potentially irresponsible persons, including convicted felons.";

However, See <u>Braswell v. US</u>, 224 F2d. 706 (10th Cir.) Cert. denied 350 US 845, 76 SCt. 86 (1955), cf. <u>US v. Wilson</u> 793 F.2d. 754 (Tenn. C.N.b '1986) (Title IV and VII Statutes is to prevent the possession of firearms —

Since Count Two, Three and Four, will almost necessarily entail possession of any firearm(s) at some point. There is no suggestion in the legislative history that these persons pose a greater threat to society such that Congress thought they deserved to be punished more severely..., i.e.. under both statutes for a single act, meaning Count One (§922(a)(1)(A)) Dealing in Firearms, would entail possession as alleged, in Counts Two, Three and Four.

And, Congress has no intention to outlaw possession of Firearm by some general police power, rather, Congress, has limited its reach to a set of limited cases which the possessor is a 'felon' and they are dangerous by previous conduct, thus making them to be —

---

FN1: Continued: — by individuals with serious criminal records."; <u>Dickerson v. New Banner Institute</u> 460 US at 112, 103 SCt. at 991 (1983) ("Broadly to keep firearms away from the persons Congress classified as potentially <u>irresponsible</u> and <u>dangerous</u>"). Noting that §924 provides a means for a 'felon', who is not dangerous thus potentially irresponsible, to apply for relief from the civil liability of §921 et seq. Though, §924( ) provision is meaningless since Congress has never appropriated funds for the (ATF) to investigate such relief.

page 6-9

— potentially irresponsible. As supported in US v. Joost, 133 F.3d. 125, 48 Fed.R. Evid. Serv. 764 (1stCir 1998) at n.5 (Congress has the power to prohibit the receiving of a firearm's or ammunition's which has been shipped or transported in interstate commerce by any person convicted of a crime of violence), and consistent with former Title 15 USC §901(6), of the Federal Firearms Act of July 30, 1938, 52 Stat. 1250-1251, c. 850 §902(f).

See cf, US v. Bass, at n.9 (1971), (Title IV, 18 §922 (g) and (h), is a modified and recodified versions of former Statute of 15 § 902 (e) and (f) (1964 ed.), 75 Stat. 757, which in-turn has amended the original Statute of title 15 §901 et seq., 52 Stat. 1250-1251.

Thus, further, the current title 18 USC §922(g)(1), must be read consistently with all previous Statutes, such as 18 USC §1202 et seq, and title 15 §901 et seq, under Title IV and VII of October 20, 1968.

page 7-9.

5. The defendant is not dangerous, nor has he been convicted, or charge of any crime of violence, which is the primary target of Congresse's legislative intent in Title IV and VII, and as such as Congress has never appropriated funds for relief under 18 USC §924, thus transfers, the 'relief' to the 'Courts' to ensure due process and Bill of Rights of the defendant are protected, and to insure that the Statute does not conflict with the Congressional legislative intent and is in harmony with the U.S. Constitution and its Amendments, Bill of Rights, thereof.

6. The defendant reserves all rights to Amend or Supplement this motion at a later date, though, shall be before trial, or after with leave of the Court, providing that this motion is still pending before the Court, on the docket.

Respectfully Submitted

Date: 1/30/2006

/s/
Michael Fowler

page 8-9.

CERTIFICATE OF SERVICE

I have made service upon the D.O.J. AUSA (Connelly) by pre-paid postage affixed first class mail, on this date of January 28, 2006.

/s/ Michael Fowler
Michael Smith-Fowler
Defendant, pro se.

Herein,
Enclosed filing
consists of nine pages.

page 9-9.