UNITED STATES DISTRICT COURT

USA
v.
MICHAEL FOWLER

FILED
IN CLERKS OFFICE
2006 MAR 16  P 12:01
U.S. DISTRICT COURT
DISTRICT OF MASS.

No.
05-10308-JLT

DEFENDANT'S MOTION TO DISMISS COUNT FOUR OF THE INDICTMENT

The defendant moves, pro se, to Dismiss Count FOUR of the Indictment for the following reasons:

1. Title 18 USC § 922(a)(3), alleges the defendant is a residence by law of the Commonwealth of Massachusetts, as 'Transporting Firearms Into One's State of Residence.'

The defendant states that he is not a resident of Massachusetts during the period alleged, to trigger title 18 USC § 922(a)(3); and [FN1, FN2], [FN3-4];

2. The defendant has not 'Transported' any alleged firearms into Massachusetts, — Continued: — —

page 1 - 7.

- during, any point, of alleged dates specifically ("Between on or about January 1st, 2002, and January 22d, 2004, in the District of Massachusetts.")

3. The Count Four has failed to establish the defendants residency in the district, as the defendants domicile is an element of the offense as the legal principal place of abode must be alleged in the indictment.

4. The defendant's presence in the District of Massachusetts, the Commonwealth of Massachusetts was merely temporary and that he had no intention of remaining there permanently, legal residence of Massachusetts, in light that the defendant was legally domiciled in another State. [FN3]

5. The Federal Criminal Jurisdiction is based upon the defendants domiciliary alone during the alleged period, i.e.: "Between on or about January 1st, 2002 and January 22d., 2004". [FN3, FN4]

---

page 2-2

## LEX DOMICILII

6. The defendant asserts that from (09/7/95 to 09/02/1996), that he has been domiciled in Massachusetts at 86 Bedford Street, Ste. 190, Boston, Mass See Maine Bates ## 218, 219, 233; and

7. From (9/03/1996) through (11/13/2001), the defendant was domiciled in the State of Maine, address-mail, PO Box 85, East Lebanon, Maine, the defendant also was registered to vote; and See Maine Bates # 215-16, 222.

8. From (11/13/2001) through (03/13/2002), the defendant was domiciled at 38 High Rock Street, Lynn, Massachusetts, and had registered to vote, in Lynn, Massachusetts, Maine Bates ## 229, 231.; and

9. From (03/13/2002) to present date, the defendant is Domiciled in the State of Maine, and is a registered voter, and has voted, registered Motor Vehicles, purchased a Motor Vehicle in Maine New Auto Dealer, has had Maine Auto Insurance, paid Maine Taxes, has had a Maine Telephone number, Mailing Address, and Multiple Maine Residences, as he also maintains residences in Vermont, New Hampshire, Massachusetts, eventhough, he is lawfully domiciled in the State of Maine., See Maine Bates ## 229, 231.

page. 3 - 7

<u>Footnotes</u>

FN1 - Generally, physical presence within a state and the intention to make it one's home are the requisites of establishing a domicile therein. See 25 Am. Jur. 2d. Domicil § 20 and 24 (1966); Restatement (Second), supra., §§ 15,16 and 18 (1971).; And see <u>US v. Calhoun</u>, 566 F2d. 969 (1978)(CA 5 Cir.), at 973 ("<u>Legal Residence</u> - means the permanent fixed place of abode which one intends to be his residence and to return to in despite temporary residences elsewhere or absences."), also cited title <u>26 USC §§ 6091(b)(1)(A)(i)</u> and <u>(ii)</u> - Residence and Internal Revenue, ect.. 'Principal Place of Abode' for Tax purposes.

FN2 - <u>Lex Domicillii</u> - definition - Black's Law <u>Dictionary Deluxe Edition</u>,. 2.[The law determination of a persons right by establishing, where in law, that person is domiciled.]

FN3 - State Citizenship and domicile are equivalent, see 28 USC § 1332(a)(1); <u>Hoover v. Gershman Inv. Corp.</u>, 774 F.Supp. 60 (D. Mass. CA. 1st Cir 1991); <u>Lundquist v. Percision-Valley Avation, Inc.</u> 946 F2d. 8 (CA.1, Mass. 1991), In <u>Lundquist</u> he had Bank Acct. in FL, but registered to vote in N.H., eventhough-

<u>page 4-7</u>

FN3 - Cont'd: - he had listed his FL address as on Tax Reports - Returns, ect.. He was still a N.H. domiciled citizen.; <u>Alexander v. Trustee of Boston University</u>, 584 F.Supp. 282, rev'd. 766 F.2d. 630 (DC. Mass. 1984) (A student had been living out of State, registered to vote in State of school does not defeat a claim of citizenship in home State.);

<u>Bird Mach. Co. v. Day</u>, 303 F.Supp. 834 (DC. Mass. 1968) (Citizen of a State, is a person who is domiciled there.. 28 §1332, for purposes of diversity.); and See <u>Sherman v. Roosevelt Co.</u> 48 F.Supp. 434 (DC Mass. 1943) (Citizenship purposes of determining federal jurisdiction, depends upon domiciliary.); Cf. <u>C.J.S. Fed. Cts. §56</u>, re: Resident and Domicile, Vol. 18.; Citizenship as between State's depends upon domiciled as respects to jurisdiction of Federal Courts, See in <u>Prince v. N.Y. Life Ins. Co.</u>, 24 F.Supp. 41 (DC. Mass. 1938).

Compare, to Massachusetts General Laws as to Registered Voters and Domiciliary and Citizenship of the State. MGL. ch. 50 §1 (Voter - defined 'Shall mean a registered voter), §8 (Statutory presumption one is a citizen's til rebutted, in a criminal case..)

page 5 - 7.

Foot Notes

Continued:

FN 3: — MGL. ch. 50 §1 (Certification of Registered Voters - City Clerk's List); ch. 50 §60 (Voting Lists for use at polls - Lists Name's, addresse's of all persons' qualified to Vote, in Massachusetts).

FN 4: Domicile once established is presumed to Continue until a new one is acquired, and burden of showing changes is on the party who asserts it. Todd v. Foster, 102 NE 2d. 406, 328 Mass. 136 (Mass. 1951); To effect a change in domicile, defendant had to be present in the new domicile and he had to intend to remain there. Bank One, Texas, NA. v. Montle 964 F.2d. 48 Opinion After Remand 974 F.2d. 220; Riley v. Worcester County Trust Co., 89 F2d. 59 Cert. Granted 57 S.Ct. 931, 301 US 678, 81 LEd. 1338, affd. 58 S.Ct. 185, 302 (D. Mass. 1936).

page 6-7

10. The defendant, reserves the right to Amend or Supplement, this herein Motion at anytime, prior to its hearing.

The defendant respectfully requests that this motion be Granted and so ordered.

Date: Mailed January 28th 2006.

Respectfully Submitted

/s/ Michael Fowler
Michael Fowler
Defendant, Pro Se

CERTIFICATE OF SERVICE

I have mailed copy hereof, to the AUSA (Connelly), on this date, by the Inmate Mail System at ECCF, by First Class prepaid postage affixed thereto, as mailed on January 28th 2006.

/s/ Michael Fowler
Michael Fowler
Defendant, Pro Se

Date of Mailing:
January 28, 2006.

page 7-7.