UNITED STATES DISTRICT COURT

USA
v.
MICHAEL FOWLER

No.
05-10308-JLT.

DEFENDANTS MOTION TO DISMISS COUNT FIVE OR COUNT SIX OF THE INDICTMENT, OR, IN THE ALTERNATIVE, TO CONSOLIDATE COUNTS FIVE AND SIX, OR, IN THE ALTERNATIVE, TO, ORDER THE GOVERNMENT ELECT TO PURSUE EITHER COUNT FIVE OR COUNT SIX, BUT NOT BOTH COUNTS.

The Defendant, MICHAEL FOWLER, AKA, MICHAEL K. SMITH, Moves The Court, Pro Se, by Motion to Dismiss Count Five or Count Six of the Indictment, States the following:

1. The defendant is charged in Count Five of the indictment, filed (09/29/2004, @ 2:00pm) with 'Possession of an Un-Registered firearm, Violation of Title 26 USC § 5861(d), between on or about January 1, 2002 and January 22, 2004, in Lynn, and elsewhere in the District of Massachusetts.

page 1 - 6.

2. The defendant is charged in Count Six of the indictment, Filed (09/29/2004) @ 2:00pm, with 'Making an Un-Registered Firearm', Violation of Title 26 USC §5861(F), Between on or about January 1, 2002 and January 22, 2004 in Lynn, and elsewhere in The District of Massachusetts.

3. The evidence to support the [fact] the Crime Charged in Count Five is that the defendant possessed a Silencer after he had manufactured the Silencer, as in Count Six of the indictment.

4. The evidence to support the [fact] the Crime Charged in Count Six, is that the defendant manufactured a Silencer and by not registering the Same, eventhough, it was not entered into the 'Stream of Commerce', at any point, immediately before, on or about, or present, as ---

"While doubt has existed as to how far back Congress may reach prior to the actual start of the interstate journey (Coe v. Errol, 116 U.S. 517; U.S. v. E.C. Knight Co. 156 U.S. 1; Loewe v. Lawlor, 208 U.S. 274), and how far forward after the journey has ceased (Brown v. Maryland, 12 Wheat. 419, 25 U.S. 419 (1827), 6 L.ed. 678; McDermott v. Wisconsin, 228 U.S. 115 (1913), it has never been doubted that when-

page 2 - 6.

4. <u>Cont'd</u> - the actual transportation has begun the jurisdiction of Congress at once attaches.", Cf. <u>Hammer v. Dagenheart</u>, 247 U.S. at 251 (1918) over-ruled on other grounds.

However, it is noted, "The power of taxation may be excercised to aid and encourage interstate and foreign commerce", Cf. n.3 and 15 C.J.S. § 99 (2002 ed.) - COMMERCE - See n.3, cited <u>Dayton-Goose Creek Ry. Co. v. U.S.</u>, 287 F. 728 (E.D.Tex 1923), aff'd. 263 U.S. 456, 44 S.Ct. 169, 68 L.Ed. 388, 33 A.L.R. 472 (1924); <u>U.S. v. Yoshida Intern., Inc.</u>, 526 F.2d. 560, 1 Itl Trade Re. (BNA) 1483 (1975).", "But, it does not include the power to tax products before their entry into interstate commerce in order to control their production, even though their production may incidentally affect interstate commerce.", cf. n.4, 15 C.J.S. § 99 (2000 Ed.), n.4, cites - <u>Butler v. U.S.</u>, 78 F2d. 1, 35-2 U.S. Tax Cas. (CCH) par. 9500, 16 A.T.F. Reg. (P-H), par. 987 (C.C.A. 1st. Cir. 1935) Cert. granted 296 US 561, 56 SCt. 144, 80 L.Ed. 396 (1935) and <u>aff'd</u>, 297 U.S. 1, 56 SCt. 312, 80 L.Ed. 477, 36-1 U.S. Tax. Cas. (C.C.H.) par. 9039, 16 A.T.F. Reg. (P-H) par. 1289, 102 A.L.R. 914 (1936)

The same is said, that "a 'State' tax that has a substantial economic effect, actual or potential, on interstate commerce is not validated by the 'fact' that it is laid on a local incident seperable and distinct from interstate transportation." Cf. n.36, 15 C.J.S. §100 (2008 Ed.), cite's <u>Bossert v. City of Okmulgee</u>, 97 Okla.Crim. 140. 260 P.2d. 429 (1953).

But we cannot forget that, "Interstate Commerce, or commerce among the States, is not a technical or legal concept, but a practical one, drawn from the course of business.", Cf. n.4, 15 C.J.S. §2 (2002 ed), n.4 cites — <u>Rearick v. Comm. of PA.</u>, 203 U.S. 507, 27 S.Ct. 159, 51 L.Ed. 295, 3 A.F.T.R. Reg. (P-H), par. 2791 (1906); <u>U.S. v. Angello</u>, 452 F.2d. 1135, (2d.Cir. 1971). And, a "indispensable element of interstate commerce is the importation of goods into one jurisdiction from another.", see <u>In re Laptops Etc. Corp.</u> 164 B.R. 506 (Bankr. D.Md. 1993).

page 4 - 6.

5. Count five and Six, are unconstitutional 'Overbreadth' of the Statute's sweep as it is applied to the defendant, Sweeps into activities (i.e., possession and manufacture) that are constitutionally protected. See in (Simon & Schuster v. Members of the N.Y. State Crime Victims Board, ___ U.S. ___, 112 S.Ct. 501, (1991); Grayned v. City of Rockford, 408 US 104, 114-115 (1972),)

U.S. Const. Amend. Art. 2 "The right of the people to keep and bear arms, shall not be infringed"; US Const. IX Amendt. "The enumeration in the Constitution, of certain rights, shall not be construed to deny or disparage others retained by the people."; US Const. X Amendt. "The powers not delegated to the United States by the Constitution, nor prohibited by it to the States, are reserved to the States respectively, or to the people."; US Const. Amendt. I, "The right of the people to petition the Government for a redress of grievances."

A) US Const. II Amendt. - "The right of the people to keep and bear arms, Shall not be infringed"; Bill of Rights, as proposed on September 25, 1789, and ratified on December 15, 1791; See US v. Emerson.

page 5 - 6.

6. The defendant reserves rights to <u>Amend</u> or <u>Supplement</u> this Motion, prior to it's hearing.

WHEREFOR, the defendant prays the Court to grant this motion to dismiss Count Five as being impermissable as argued hereto, but not limited thereof.

Date: Mailed Jan. 28th. 2006.

Respectfully Submitted

/s/ Michael Fowler
Michael Fowler
Defendant, Pro Se

CERTIFICATE

I have this date January 28th, of 2006, have mailed, prepaid, postage affixed by US regular Mail, to the AUSA (Connelly), via the Inmate Mail System at ECCF.

/s/ Michael Fowler
Defendant, Pro Se

Date: 1/28/2006

page 6 - 6.