Ct.

UNITED STATES DISTRICT COURT

USA

v.

MICHAEL FOWLER

No. 05-10308 JLT

## DEFENDANT'S MOTION TO SUPPRESS EVIDENCE OF AN UNLAWFUL SEARCH

Now Comes the Defendant, Michael Fowler, moves, Pro Se herein, to suppress all things seized pursuant to a Search Warrant covering the following described premises:
62 Nahant Street, Unit 2, Lynn, Massachusetts of Essex County, and Three (3) Motor Vehicles, Dodge Ram truck, Chevrolet Cavalier, Jeep Rubicon and adjoining Garage,

And more particularly, any and all evidence, oral, or tangible, obtained directly or indirectly therefrom, any Personal or Business Papers, Books, Magazines, Photo's, Maps, Tools, Cases, Ammunition's, Silencers - Mock Models, Containers, Firearm Related items, Serial Number plates, Stickers, Labels, Boxes, Holsters, Belts, Ammunition Magazines - Clips, related items, thereto, or thereof, but not specifically thereto limited.

Found therein, as a result of any Search made pursuant to the Warrant issued on

page 1 - 6 plus
See Attachments
Bates # 58-84 (Maine)
S.W. plus 28 pg.

January 22, 2004, or on any other pretext or authority upon the following grounds, though, not specifically limited hereto, the defendant reserves all rights to Supplement at any time, on any issue, pretext, authority:

1. The affidavit for the Warrant was based upon information obtained as a result of illegal searches without warrant or probable cause, and is consequently based on the fruits of illegal Searches and Seizures, from the Defendant's Motor Vehicle on October 27, 2003. Subsequent Motion to Suppress has been Ordered (Maine Dist. Ct. #04-09-W), in part, and denied in-part; the defendant, argues, that, the Judge's decision to deny in-part, is error, and the entire motion should have been So Ordered. See Arguement.

2. The Warrant issued on January 22, 2004, is insufficient on its face.

3. The property seized was not particularly or sufficiently described on the 'face' of the Search Warrant.

4. The Affidavit upon which the Search Warrant issued on January 22, 2004, was insufficient as matter of law.

5. The issueing Judge incorrectly found probable cause for the issuance of the warrant in the affidavit

6. The affidavit did not contain facts sufficient as matter of law to establish any probable cause

7. The Search Warrant is invalid and improperly issued.

8. The affidavit does not show or attempt to show any relationship between the premises and the objects seized.

9. The Search of the premises, motor vehicles of the defendant pursuant to the warrant and the issuance of the warrant violated the Defendant's rights under the Fourth, Sixth and Nineth Amendment's to the United States Constitution and the Bill of Rights, and Rule 41 of the F.R.Crim.P.

page 3 - 6

10. The Statements of, in the affidavit relating to the premises, motor vehicles in which the objects were found are mere speculations, conclusions based upon mere suspicions, and or with the grounds for the mere speculations, conclusions and suspicions were, are left unstated.

11. The was no probable cause for believing the existence of the grounds on which the warrant was issued.

12. The warrant issued on January 22, 2004, was illegally executed.

13. Following his arrest, January 22, 2004, the defendant was not brought before the arraigning Judge until January 23, 2004, a period of more than thirteen (13) hours, after initial arrest.
  The delay in initial appearance was unnecessary and in violation of the defendant's rights under Rule 5(a) (Rule 5 et seq.) F.R.Crim.P.
  In addition, the nature of the questioning and promises made therein, without counsel, though, defendant had stressed his desire for counsel, make the Statements by the defendant involuntary and the result of violation(s) of the Fourth, –

page 4 – 6

Fifth, Sixth and Nineth Amendments of the United States Constitution and the Bill of Rights; <u>Miranda v. Arizona</u> 384 US 436, 86 SCt. 1602 (1966); F.R.Crim P. 12; <u>Edwards v. Arizona</u> 451 US 477, 101 SCt. 1880 (1981); and Clarification and Extension of <u>Edwards</u> rule, see <u>Arizona v. Roberson</u> 486 US 675, 108 SCt. 2093 (1988); and see <u>Minnick v. Mississippi</u> 498 US 146, 111 SCt. 486 (1990) (cites - <u>Edwards</u> adoption, re-affirms the 'prevention of badgering by police', ect..); noting <u>Johnson v. Zerbst</u> (1938) adopted in <u>Miranda</u> (1966) ('Heavy Burden & High Standard of Proof'), pp. 68, 485.

WHEREFORE, the defendant respectfully requests that this herein, Motion be allowed, (So ORDERED) to suppress use of evidence against the defendant in this or any other proceeding(s), as to the evidence seized on about October 27 thru November 11, 2003 regarding the 'T-16' incident in Maine, and of the Search and Seizure on January 22, 2004, that are related, comes from directly and indirectly from the 'T16' incident.

Date: 01/28/2006                    Respectfully Submitted

page 5-6.                           /s/ MICHAEL FOWLER
                                    MICHAEL FOWLER, Pro Se
                                    Defendant

14. The defendant reserves the right to **Amend** and/or **Supplement** this motion prior to it's hearing, but not limited thereto.

CERTIFICATE

I have mailed a copy hereof, to the AUSA, this date, January 28, 2006, postage prepaid affixed by Regular U.S. Mail by the Inmate Mail System here at CCCF.

/s/ Michael Fowler
Defendant, pro se

Date of Service:
January 28th 2006.

page 6-6.