UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.       ) | CRIMINAL NO. 04-10308-JLT |
| ) | |
| MICHAEL FOWLER ) | |

DEFENDANT'S SENTENCING MEMORANDUM

Defendant, Michael Fowler, submits this memorandum to assist the Court in sentencing.  For the reasons stated in defendant's objection to the offense level calculation in the Presentence Report, an objection in which the government will join, defendant submits that the Court should accept the parties stipulation that the correct Total Offense Level is 27.  The Court should accept the Probation Department's conclusion that Fowler nominally falls in Criminal History Category V; thus, his advisory guideline sentencing range is 120-150 months with a statutory maximum sentence under the statute of ten years.[1]  Defendant further submits that a sentence of imprisonment of 100 months - modestly lower than that suggested by the advisory guideline sentencing range - more accurately takes into account his criminal history, is consistent with the factors set forth in 18 U.S.C. § 3553(a),

---

[1] While it is technically possible for the Court to impose a sentence that exceeds the statutory maximum by imposing consecutive sentences, defendant submits that such a procedure would be inappropriate here given that all of the offenses alleged arose from the same course of conduct.  Consequently, the effective advisory sentencing range (assuming no variance) would be the 120 months only.

and will result in a sentence that is sufficient, but not greater than necessary, to effectuate the purposes of sentencing.

### ARGUMENT

**A SENTENCE OF 100 MONTHS IMPRISONMENT IS SUFFICIENT BUT NOT GREATER THAN NECESSARY AND MORE ACCURATELY TAKES INTO ACCOUNT FOWLER'S CRIMINAL HISTORY AS WELL AS ALL OF THE FACTORS 18 U.S.C. § 3553(a).**

The Supreme Court has recently reaffirmed that, following Booker, all Guideline Sentencing Ranges are merely advisory. Kimbrough v. United States, 128 S.Ct. 558, 564 (2007). Thus, a sentencing court must include the Guidelines range as just one piece in the array of factors warranting consideration and it is free to determine that in a particular case a within Guidelines sentence is "greater than necessary" to serve the objectives of sentencing. Id. at 570 (quoting 18 U.S.C. § 3553(a)). While 18 U.S.C. § 3553(a) requires a court to give "respectful consideration" to the Guidelines, Booker and its progeny "permit[] the court to tailor the sentence in light of other [§ 3553(a)] concerns as well." Id. The advisory guideline scheme even permits sentencing courts to "vary [from Guidelines ranges] based solely on policy considerations, including disagreements with the Guidelines." Id. Indeed, a sentencing court "may not presume that the Guidelines range is reasonable" but instead must, using the factors set forth in § 3553(a), "make an individualized assessment based on the facts presented." Gall v. United States, 128 S.Ct. 586, 596 (2007). Here, the now-familiar

-2-

§ 3553(a) factors dictate a sentence of 100 months, modestly lower than the 120-150 months range suggested by the sentencing guidelines.

Even prior to <u>Booker</u> and its progeny, the courts recognized that U.S.S.G. §4A1.3 expressly encourages a downward departure where the criminal history classification "significantly over-represents the seriousness of a defendant's criminal history or the likelihood that the defendant will commit further crimes." The First Circuit's decision in <u>United States v. Rivera</u>, 994 F.2d 942, 947 (1st Cir. 1993) broadly construed a district court's authority to depart from the guidelines in cases that are outside the "heartland" of the guidelines, especially where a specific guideline provision "encourage[s]" grounds for departures. <u>Id</u>. at 948. U.S.S.G. §4A1.3, with its emphasis on accurately assessing criminal history, is such a provision.

Here, the defendant's criminal history contains no crimes of violence or drug offenses whatsoever. His Criminal History Category is propelled to Category V largely as the result of a number of petty property offenses, such as larceny and shoplifting, committed over a decade ago; indeed, only six of the twelve points assigned to his criminal history score result from incarceration for the two serious convictions for prior gun offenses. The rest of the points assigned are as the result of ancient minor offenses of limited seriousness and of little use

in predicting recidivism, and because Fowler was on probation for a limited duration at the time of the instant offenses.

Defendant submits that these circumstances go to the heart of the Supreme Court's and the statute's direction to consider "the Nature and circumstances of the offense and the history and characteristics of the offender." 18 U.S.C. § 3553(a). A sentence of 100 months represents the low end of Criminal History Category IV, the category just below that suggested by the Probation Department. Category IV - and the resulting low-end sentence of 100 months - better captures the Sentencing Commission's attempt to incorporate the seriousness of a defendant's criminal history. As the Supreme Court recently noted:

> [I]n the ordinary case, the Commission's recommendation of a sentencing range will "reflect a rough approximation of sentences that <u>might</u> achieve § 3553(a)'s objectives." <u>Rita [v. United States]</u>, 551 U.S. ___, ___, 127 S.Ct., [2456], 2465 [(2007)]. The sentencing judge, on the other hand, has "greater familiarity with ... the individual case and the individual defendant before him than the Commission or the appeals court." <u>Id.</u> at ----, 127 S.Ct. at 2469. He is therefore "in a superior position to find facts and judge their import under § 3353(a)" in each particular case. <u>Gall</u>, ante, ___ U.S. ___, ___, 128 S.Ct. 586, 2007 WL 4292116 (internal quotation marks omitted). In light of these discrete institutional strengths, a district court's decision to vary from the advisory Guidelines may attract greatest respect when the sentencing judge finds a particular case "outside the 'heartland' to which the Commission intends individual Guidelines to apply." <u>Rita</u>, 551 U.S., at ___, 127 S.Ct. at 2465.

<u>Kimbrough</u>, 128 S.Ct. at 574 (emphasis supplied). This is a case where Fowler's individual guideline, to the extent it is driven by his criminal history, overstates the factor that the Sentencing Commission intended to be weighed. Consequently, this Court can - and should - sentence him below the nominally applicable range because such a sentence is "sufficient, but not greater than necessary" to achieve the goals outlined in § 3553(a).

## CONCLUSION

For the foregoing reasons, this Court should impose a sentence of 100 months imprisonment, a modest variance from that suggested by the advisory guideline sentencing range, with a three-year period of supervised release to follow. The Court should impose no fine.

                                        MICHAEL FOWLER
                                        By his attorney,


                                        /s/ Timothy Watkins
                                        Timothy Watkins
                                         B.B.O. #567992
                                        Federal Defender Office
                                        408 Atlantic Ave., Third Floor
                                        Boston, MA  02110
                                        (617) 223-8061

CERTIFICATE OF SERVICE

    I, Timothy G. Watkins, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), as well as to United States Probation Officer Jennifer Sinclair by electronic mail, on December 31, 2007.

                                        /s/ Timothy G. Watkins
                                        Timothy G. Watkins